Rule 23 order filed
January 11, 2006;
Motion to publish granted
February 14, 2006.

NO. 5-05-0045

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| JOSEPHINE EVELYN PROFITT, Administrator of the Estate of David R. Profitt, Deceased, | ) Appeal from the<br>) Circuit Court of<br>) Williamson County.<br>) |
| Plaintiff-Appellant, | ) |
| v. | ) No. 03-MR-138 |
| ONEBEACON INSURANCE, | ) Honorable<br>) Ronald R. Eckiss, |
| Defendant-Appellee. | ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

David Profitt (now deceased) filed a declaratory judgment action against OneBeacon Insurance (OneBeacon) to determine the extent of coverage afforded by an automobile policy it had issued to its insured, Phyllis Johnson, for injuries Profitt sustained in an accident with Johnson. Profitt contended that the existence of two declarations pages permits the stacking of policy limits. OneBeacon contended that the second declarations page was issued as a result of a vehicle substitution and that no ambiguity exists. On cross-motions for a summary judgment, the trial court granted OneBeacon's motion, finding that the policy had been amended at Johnson's request and that the stacking of policy limits was not warranted. Josephine Profitt, the administrator of the estate of David Profitt, appeals the trial court's judgment granting OneBeacon's motion for a summary judgment. For the reasons that follow, we affirm the trial court's judgment.

I. BACKGROUND

On November 17, 2001, Phyllis Johnson (not a party in this action) struck David

1

Profitt's vehicle in a parking lot while she was backing her vehicle from a parking stall. David Profitt[1] filed suit against Johnson for his injuries. OneBeacon insured Johnson. The policy declarations page processed on April 3, 2001, as a part of a "renewal policy" effective at the time of the accident, listed three covered vehicles–a Dodge Caravan, a Ford Contour, and a Ford Taurus–and set forth the bodily injury liability policy limits of $50,000 per person and $100,000 per accident.

It is undisputed that prior to the accident, Johnson had asked OneBeacon to cover a Hyundai Elantra and to remove the Ford Taurus from the policy. Thereafter, OneBeacon issued another declarations page, which notes that it is a "change endorsement" effective on June 26, 2001, resulting from a vehicle substitution. The limits of liability set forth on this declarations page are the same as those listed on the page issued with the renewal policy.

Profitt's counsel requested a copy of Johnson's policy from OneBeacon certified to be accurate on the day of Johnson's accident with Profitt, and both declarations pages were included therein. The declarations pages set forth separate limits of liability for bodily injury and property damage (split liability limits), and the policy includes the following antistacking provision:

> "SPLIT LIABILITY LIMITS
>
> PP 03 09  04 86
>
> If separate limits of liability for bodily injury liability and property damage liability are shown in the Declarations for this coverage, paragraph A of the Single Limit of Liability provision above is replaced by the following:
>
> SPLIT LIMIT OF LIABILITY
>
> The limit of liability shown in the Declarations for each person for Bodily

---

[1]We will henceforth refer to both David Profitt and Josephine Profitt as "Profitt."

Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services[,] or death, arising out of 'bodily injury' sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for 'bodily injury' resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all damages to all 'property damage' resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. 'Insureds';

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident."

Profitt concedes that there is no ambiguity in the above provision. Rather, she urges that an ambiguity arises when the reader turns to find two documents entitled "Master Driver Policy Declarations," both listing the same bodily injury liability policy limits. She claims that the existence of two declarations makes the precise limits ambiguous and that stacking should be permitted, affording coverage of $100,000 instead of $50,000.

The trial court considered whether OneBeacon's issuance of two declarations pages created the type of ambiguity presented by or discussed in cases relied upon by Profitt, *e.g.*, where separate limits of liability are listed for each vehicle on the same declarations page. The trial court agreed with OneBeacon that the type of multiple-listing-of-limits situation involved in those cases was not involved in the present case, and it granted OneBeacon's motion for a summary judgment. Profitt appeals and we affirm.

## II.  ANALYSIS

3

The issue before us is whether the limits of liability for bodily injury liability coverage provided under a single policy may be stacked where the policy contains more than one declarations page. The construction of an insurance policy is a matter of law subject to the *de novo* standard of review. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17, 823 N.E.2d 561, 564 (2005); *In re Estate of Striplin*, 347 Ill. App. 3d 700, 702, 807 N.E.2d 1255, 1257 (2004).

Profitt raises two arguments on appeal. First, she argues that the trial court failed to construe the policy as a whole because it considered the declarations pages individually. Second, Profitt argues that the existence of two declarations pages makes the amount of coverage ambiguous because the limits of liability are listed once on each page. Profitt does not contend that the antistacking provision violates public policy or creates an ambiguity. Thus, this appeal turns on whether OneBeacon's inclusion of two declarations pages in its certified copy of the policy it issued to Johnson creates an ambiguity regarding the bodily injury liability limits. We find that it does not.

General contract rules apply to our interpretation of insurance policies. Therefore, our primary objective is to identify and effectuate the intention of the parties to the insurance contract. We will apply the policy as written unless it is ambiguous or violates public policy. We find an ambiguity only where the policy is subject to more than one reasonable interpretation. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17, 823 N.E.2d 561, 564 (2005); *In re Estate of Striplin*, 347 Ill. App. 3d 700, 702, 807 N.E.2d 1255, 1257-58 (2004). "Although 'creative possibilities' may be suggested, only reasonable interpretations will be considered. [Citation.] Thus, we will not strain to find an ambiguity where none exists." *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17, 823 N.E.2d 561, 564 (2005). We need only construe policy terms liberally in favor of greater coverage where an ambiguity arises. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214

4

Ill. 2d 11, 17, 823 N.E.2d 561, 564 (2005).

We summarily reject Profitt's argument that the trial court erroneously reviewed only isolated parts of the policy. The trial court set forth its analysis in its docket entry granting OneBeacon's summary judgment motion. Therein, the court expressly considered the content of each declarations page and the circumstances under which those pages were issued and further considered the legal effect of the cumulative declarations. The trial court contemplated whether an ambiguity arose from the existence of two declarations pages and stated: "The issue then becomes whether a *Bruder* multiple[-]listing[-]of[-]limits situation arises as a matter of law by OneBeacon's issuance of two separate [d]eclaration statements, irrespective of any reason for the issuance of the second declaration statement. Based upon the law as it exists now, the answer is no." *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 620 N.E.2d 355 (1993). Contrary to Profitt's contention, we find that the trial court's docket entry clearly reflects that it reviewed the content of the declarations pages individually and collectively.

We also reject Profitt's second contention that the existence of two declarations pages makes the amount of coverage ambiguous because the limits of liability are listed once on each page. The antistacking provision in the policy directs the reader to the "Declarations" and states that the limit of liability shown therein for each person for bodily injury liability is the maximum limit for all damages. We find that the policy declarations are subject to only one reasonable interpretation. The first page was issued with the renewal policy, and the subsequently issued declarations page expressly provides that it is a change endorsement resulting from the substitution of vehicles, which the parties agree had been requested by Johnson. The content of the subsequently issued declarations page reflects the clear intent of the parties to the insurance contract, *i.e.*, to remove a Ford Taurus from coverage under the policy and to add a Hyundai Elantra. The limits of liability are listed only one time on each

5

page under a caption "Basic Policy Coverages," and they are identical. The limits of liability are not listed separately for each vehicle covered under the policy, nor does this case involve separately listed premiums paid for each vehicle's coverage. No reasonable person would understand this policy to provide double bodily injury liability limits under these facts. The circumstances presented here are not subject to the interpretation urged by Profitt, and we will not look for an ambiguity where none exists, especially where that interpretation would require us to completely disregard the unambiguous antistacking provision and the clear intention of the parties.

Profitt relies on the following cases for the proposition that an ambiguity arises where the policy directs the reader to the declarations and multiple limits of liability are found: *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 620 N.E.2d 355 (1993), *Allen v. Transamerica Insurance Co.*, 128 F.3d 462 (7th Cir. 1997), *Pekin Insurance Co. v. Estate of Goben*, 303 Ill. App. 3d 639, 707 N.E.2d 1259 (1999), and *Skidmore v. Throgmorton*, 323 Ill. App. 3d 417, 751 N.E.2d 637 (2001). The court in *Bruder* hypothesized that an ambiguity would be created by a declarations page that listed separate liability limits for multiple vehicles. *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 620 N.E.2d 355 (1993). Both *Allen* and *Pekin Insurance Co.* involved limits of liability set forth on a single declarations page for more than one vehicle. *Allen v. Transamerica Insurance Co.*, 128 F.3d 462 (7th Cir. 1997); *Pekin Insurance Co. v. Estate of Goben*, 303 Ill. App. 3d 639, 707 N.E.2d 1259 (1999). This case does not involve multiple listings of liability limits on a single declarations page, nor does Profitt claim that coverage should be stacked because more than one vehicle is insured under the policy. Profitt's reliance on these cases is misplaced, and we find that none of them control our decision because they do not involve the issuance of an updated declarations page resulting from a substitution of vehicles. Based on the foregoing, we find no error in the trial court's analysis that no "*Bruder*

6

multiple[-]listing[-]of[-]limits situation arises as a matter of law by OneBeacon's issuance of two separate [d]eclaration statements."

### III.  CONCLUSION

Accordingly, we affirm the trial court's judgment granting OneBeacon's motion for a summary judgment and denying Profitt's motion for a summary judgment.

Affirmed.

SPOMER, P.J., and WELCH, J., concur.

NO. 5-05-0045

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| JOSEPHINE EVELYN PROFITT, Administrator of the Estate of David R. Profitt, Deceased, | ) ) ) | Appeal from the Circuit Court of Williamson County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 03-MR-138 |
| | ) | |
| ONEBEACON INSURANCE, | ) | Honorable |
| | ) | Ronald R. Eckiss, |
| Defendant-Appellee. | ) | Judge, presiding. |

**Rule 23 Order Filed:** January 11, 2006
**Motion to Publish Granted:** February 14, 2006
**Opinion Filed**: February 14, 2006

**Justices**: Honorable Melissa A. Chapman, J.

Honorable Stephen L. Spomer, P.J., and
Honorable Thomas M. Welch, J.,
Concur

**Attorney for Appellant** Stephen W. Stone, Howerton, Dorris & Stone, 300 West Main, Marion, IL 62959

**Attorney for Appellee** Al J. Pranaitis, Hoagland, Fitzgerald, Smith & Pranaitis, 401 Market Street, P.O. Box 130, Alton, IL 62002