Rule 23 order filed
July 14, 2010;
Motion to publish granted
July 29, 2010.

NO. 5-09-0389

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| LESLIE HANSON, as the Administrator of the Estate of Brian R. Waters, Deceased, | ) Appeal from the ) Circuit Court of ) Madison County. |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 08-MR-658 |
| | ) |
| LUMLEY TRUCKING, LLC, and GENERAL CASUALTY COMPANY OF ILLINOIS, | ) ) ) |
| | ) Honorable ) Clarence W. Harrison II, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

JUSTICE STEWART delivered the opinion of the court:

Leslie Hanson, as the administrator of the estate of Brian R. Waters, deceased (the estate), appeals from the entry of a judgment on the pleadings in favor of the defendant insurance company, General Casualty Company of Illinois (General Casualty). The trial court determined that the insurance policy issued to the defendant, Lumley Trucking, LLC (Lumley), unambiguously barred the stacking or aggregation of underinsured-motorist (UIM) coverage because the declarations page of the insurance policy listed the UIM coverage only once. On appeal, Hanson argues that the trial court erred in ruling that the policy prohibits the stacking of the UIM coverage. We affirm.

BACKGROUND

In December 2007, Brian Waters, while employed by Lumley, was involved in a motor vehicle accident with Dale Phillips. Waters died as a result of injuries sustained in the accident. Phillips's vehicle was insured by Progressive Insurance Company (Progressive) with liability limits of $50,000 per person and $100,000 per accident. After the accident,

1

Progressive paid the estate its policy limit of $50,000 to settle the estate's claim against Phillips.

On November 19, 2008, the estate filed a complaint for declaratory relief, alleging that the insurance policy that General Casualty had issued to Lumley, which covered the vehicle Waters was driving at the time of the accident, allowed the estate to recover up to $1 million. The estate argued that the policy provided a $40,000 limit of liability for its UIM coverage for each of the 25 vehicles covered by the policy but did not prohibit the stacking or aggregation of that coverage. Hence, the estate argued that the policy provided UIM coverage in the amount of $40,000 times 25 vehicles for a total of $1 million. The defendants filed an answer and a counterclaim, seeking an adjudication that the policy did not allow its UIM coverage to be stacked. Additionally, the defendants alleged that no UIM coverage applied because the estate had already been paid $50,000, which was $10,000 more than the limit of UIM coverage under the General Casualty policy for the vehicle involved in the accident.

On March 6, 2009, General Casualty filed a motion for a judgment on the pleadings in its favor. The estate filed a response to that motion and requested a judgment on the pleadings in its favor.

On June 23, 2009, the trial court entered an order finding that the case was "readily subject to" a judgment on the pleadings since neither party had identified any disputed fact. The court found that the "determinative issue" was whether the UIM coverage for the 25 vehicles in the General Casualty policy could stack in order to provide the estate with $1 million in UIM coverage. The court ruled as follows:

> "The General Casualty policy contains a single line on its declaration page setting forth a shorthand identification of '46' (which cross-references a set of 25 vehicles). While this declaration may be 'tantamount' to many things (as plaintiff

2

argues), it is <u>facially</u> a single line with a single identification of a single amount of UIM coverage. Simply because plaintiff can suggest creative possibilities for its meaning does not render this policy ambiguous." (Emphasis in original.)

The trial court ruled that the declarations page was not ambiguous and created no conflict with other provisions of the policy. The court found that the UIM endorsement specifically incorporated the unambiguous declarations sheet and specifically prohibited stacking. Accordingly, the court granted General Casualty's motion for a judgment on the pleadings and denied the estate's motion for a judgment on the pleadings. This appeal followed.

## ANALYSIS

The parties do not raise any issues of fact but argue only about how to interpret the insurance policy. The only issue is whether the policy, properly construed, allows the stacking of the UIM coverage, a question of law for which our review is *de novo*. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). The general rules that govern the interpretation of other types of contracts also govern the interpretation of insurance contracts. *Hobbs*, 214 Ill. 2d at 17. When we interpret an insurance policy, our primary goal is to ascertain and give effect to the parties' intention as expressed in the language of the policy. *Hobbs*, 214 Ill. 2d at 17. The terms of the policy are to be applied as written unless the policy language is ambiguous or contravenes public policy. *Hobbs*, 214 Ill. 2d at 17.

"Whether an ambiguity exists turns on whether the policy language is subject to more than one reasonable interpretation. Although 'creative possibilities' may be suggested, only reasonable interpretations will be considered. *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 193 (1993). Thus, we will not strain to find an ambiguity where none exists." *Hobbs*, 214 Ill. 2d at 17.

Policy terms that limit an insurer's liability are to be liberally construed in favor of the

insured, but this rule of construction comes into play only if the policy language is ambiguous. *Hobbs*, 214 Ill. 2d at 17.

The estate acknowledges that most cases in which the court has found that an insurance policy allows stacking have done so on the basis that the language of the policy was ambiguous because the declaration sheet listed more than one vehicle with separate coverages and separate premiums. *E.g.*, *Johnson v. Davis*, 377 Ill. App. 3d 602, 608-09 (2007) (where the declaration sheet listed the limits of liability separately for each vehicle covered under the policy, there was a conflict with other provisions in the policy, which created an ambiguity that was resolved in favor of the insured, allowing the greater coverage provided by stacking). Although the interpretation of an insurance policy must be conducted on a case-by-case basis, the manner in which the insurance company lists the coverage on its declaration sheet provides important information that is specific to the policyholder. See *Johnson*, 377 Ill. App. 3d at 609. In *Johnson*, this court found that stacking was allowed under the policy because the limits of the UIM coverage were listed four separate times, "once for each vehicle covered," and four separate premiums for the UIM coverage were also listed on the declarations sheet. *Johnson*, 377 Ill. App. 3d at 609.

The pertinent provisions of the General Casualty policy at issue in this case are as follows: Under "ITEM TWO–SCHEDULE OF COVERAGES AND COVERED AUTOS," there is a columnar list of the coverages, covered autos, limits, and premiums. In the row associated with "UNDERINSURED MOTORISTS," the number "46" appears in the column assigned to covered autos. Under the column heading "LIMIT–THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS" is the figure "$40,000." The estate refers us to the "TRUCKERS COVERAGE FORM," in which the number "46" applies to "Specifically Described 'Autos,' " which are further described as "[o]nly those 'autos' described in Item Three of the Declarations for which a premium charge is shown." "ITEM THREE" is a

4

schedule of the 25 covered autos, in which vehicle number "022," the one that the decedent was driving at the time of the accident, is listed. In the "ITEM THREE" schedule, the columns referencing vehicle 022 indicate the amounts associated with the various kinds of premiums, coverages, and deductibles applicable to that vehicle: $2,251 for liability, $9 for "UM-UIM" (uninsured-underinsured) coverage, $248 for comprehensive coverage, $1,207 for collision coverage, and $1,000 each for the deductibles for the comprehensive and collision coverage.

The estate argues that because General Casualty chose to reference the covered vehicles in item two of the declaration sheet by the designation 46, which is a shorthand reference to 25 separately listed vehicles, that designation creates an ambiguity in the policy. The estate concludes that by using the number 46 to reference all the 25 covered vehicles, it should be allowed to add or stack the $40,000 UIM coverage for vehicle 022 to the $40,000 UIM coverage for each of the remaining 24 vehicles covered under the policy. This argument is confusing to follow because it is neither a reasonable interpretation of the policy language nor supported by any case law.

"The touchstone when determining whether an ambiguity exists regarding an insurance policy is whether the relevant portion is subject to more than one reasonable interpretation, not whether creative possibilities can be suggested." *Pekin Insurance Co. v. Estate of Goben*, 303 Ill. App. 3d 639, 646 (1999). The trial court correctly determined that the policy's use of the number "46" as a shorthand identification of the 25 covered vehicles was not an invitation to multiply or stack the UIM coverage for all the vehicles even though only one of them was involved in the accident at issue. Rather, the court determined, and we agree, that the only reasonable interpretation of the policy was that the UIM coverage was listed in "a single line with a single identification of a single amount of UIM coverage."

We agree with the trial court that the ambiguity the estate urges us to find does not

5

exist.  That is particularly obvious in light of the policy's inclusion of an antistacking clause which is clear and unambiguous.  In the section of the policy entitled "Limit of Insurance," the policy provides as follows: "Regardless of the number of covered 'autos,' 'insureds,' premiums paid, claims made[,] or vehicles involved in the 'accident,' the most we will pay for all damages resulting from any one 'accident' is the Limit of insurance for Underinsured Motorist Coverage shown in this endorsement."  Since the UIM coverage is listed as $40,000 only one time, there is no reasonable way to interpret the policy as allowing the estate to stack the coverage for all the covered vehicles for the unfortunate injuries and death that resulted from this accident.

Our ruling in this regard is firmly supported by the case law.  In *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 192 (1993), the Illinois Supreme Court posited that it "would not be difficult to find an ambiguity" where an insurance policy listed the uninsured- or underinsured-motorist coverage amounts and premiums separately for each vehicle covered under the policy.  Where that occurs, it is "reasonable to assume that the parties intended" that, in return for the premiums paid, an equal amount of uninsured- or underinsured-motorist coverage may be stacked for any one accident, regardless of language indicating otherwise in the policy.  *Bruder*, 156 Ill. 2d at 192-93.  Since the uninsured-motorist coverage was listed only one time in the policy at issue in *Bruder*, even though separate premiums were listed for each vehicle covered, the court found that "[t]he only reasonable interpretation" was that the policy provided only the amount listed the one time for each person injured regardless of the number of vehicles insured or premiums paid.  *Bruder*, 156 Ill. 2d at 193-94.  Based upon these facts, the court ruled that, as there was no ambiguity in the limitation-of-liability provision, it was to be applied as written, and no aggregation or stacking of coverage would be allowed.  *Bruder*, 156 Ill. 2d at 194.

The case law since *Bruder* has followed the same line of reasoning when considering

6

whether to allow the stacking of uninsured- or underinsured-motorist coverage. In *Estate of Goben*, the court relied upon the *Bruder* decision and found that, because the UIM coverage was set forth two times, once for each covered vehicle, there were two possible interpretations of the policy, which required the policy to be strictly construed against the insurer, so that stacking was allowed. *Estate of Goben*, 303 Ill. App. 3d at 648-49; see also *Profitt v. OneBeacon Insurance*, 363 Ill. App. 3d 959, 963 (2006) (the existence of two declarations pages attached to the insurance policy did not raise an ambiguity entitling the insured to stack the limits of liability provided on those two pages because the second declaration page was included only to show that one vehicle had been added to the policy to replace another, and the liability limits were identical and not listed separately for each vehicle). Even in cases such as this, where the UIM coverage limits are listed only once but the premiums for that coverage are listed separately with each covered vehicle, courts have found no ambiguity that allows for stacking. See *Prudential Property & Casualty Insurance Co. v. Kelly*, 352 Ill. App. 3d 873, 876 (2004).

## CONCLUSION

For all the reasons stated, we affirm the trial court's order entering a judgment in favor of General Casualty.


Affirmed.


GOLDENHERSH, P.J., and WEXSTTEN, J., concur.

7

NO. 5-09-0389

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| LESLIE HANSON, as the Administrator of the Estate of Brian R. Waters, Deceased,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>LUMLEY TRUCKING, LLC, and GENERAL CASUALTY COMPANY OF ILLINOIS,<br><br>        Defendants-Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the<br>Circuit Court of<br>Madison County.<br><br><br><br>No. 08-MR-658<br><br><br><br><br>Honorable<br>Clarence W. Harrison II,<br>Judge, presiding. |

**Rule 23 Order Filed:**      July 14, 2010
**Motion to Publish Granted:**  July 29, 2010
**Opinion Filed**:            July 29, 2010

---

**Justices**:       Honorable Bruce D. Stewart, J.

                Honorable Richard P. Goldenhersh, P.J., and
                Honorable James M. Wexstten, J.,
                Concur

---

**Attorney for Appellant**     David E. Leefers, Leefers Law Office, 210 North West Street, Jacksonville, IL 62650

---

**Attorney for Appellees**     Michael J. Bedesky, Reed, Armstrong, Gorman, Mudge & Morrissey, P.C., 115 North Buchanan, P.O. Box 368, Edwardsville, IL 62025