NOTICE
Decision filed 02/11/19. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2019 IL App (5th) 180220

NO. 5-18-0220

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| LORETTA HESS, as Guardian of the Estate of Meadow Hess, a Minor Child; CHAD HESS, Individually and as Independent Administrator of the Estate of Sierra Hess, Deceased; and PAULINE KISELEWSKI, as Independent Administrator of the Estate of Richard Kiselewski, Deceased, | ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Franklin County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 16-L-25 |
| THE ESTATE OF TJAY KLAMM and STATE AUTO INSURANCE COMPANIES, d/b/a Meridian Security Insurance Company, | ) ) ) ) ) | |
| Defendants | ) ) | |
| (State Auto Insurance Companies, d/b/a Meridian Security Insurance Company, Defendant-Appellant). | ) ) ) | Honorable Eric J. Dirnbeck, Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Welch and Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, State Auto Insurance Companies d/b/a Meridian Security Insurance Company (Meridian), appeals from the March 14, 2018, order of the circuit court of Franklin County, which granted the cross-motion for summary judgment filed by the plaintiffs, Loretta Hess, as guardian of the estate of Meadow Hess, a minor child; Chad Hess, individually and as

1

independent administrator of the estate of Sierra Hess, deceased; and Pauline Kiselewski, as independent administrator of the estate of Richard Kiselewski, deceased. In granting the plaintiffs' motion, the circuit court issued a declaratory judgment that Meridian, as an insurer of the defendant, the estate of TJay Klamm, had the duty to stack the bodily injury liability limits of a policy covering four automobiles as a result of an automobile collision in which Klamm was involved when driving one of the four automobiles, resulting in coverage for the collision in the amount of $400,000 per person and $1.2 million per accident. The March 14, 2018, order also effectively denied Meridian's motion for judgment on the pleadings. For the reasons that follow, we modify the judgment, finding coverage in the amount of $200,000 per person and $600,000 per accident.

¶ 2                                         FACTS

¶ 3     The facts necessary to our disposition of this appeal follow. On April 18, 2017, the plaintiffs filed their second amended complaint and jury demand (the complaint), which is the pleading at issue in this appeal. Therein, of relevance to this appeal, the plaintiffs assert several causes of action, sounding in tort, against Klamm, all resulting from an automobile accident that (1) occurred on April 17, 2015, on Illinois Route 148 near the boundary between Franklin County and Jefferson County; (2) resulted in the deaths of the plaintiffs, Richard Kiselewski and Sierra Hess, as well as defendant Klamm, and in serious injuries to the plaintiff, Meadow Hess; and (3) was alleged by the plaintiffs to have been proximately caused by the "careless and negligent acts or omissions" of Klamm while driving a 2006 Chevrolet Cobalt.

¶ 4     Counts VII, VIII, and IX of the complaint contain requests for declaratory judgments in favor of each of the plaintiffs and against Meridian regarding coverage for the accident on a policy issued by Meridian on the 2006 Chevrolet Cobalt driven by Klamm at the time of the accident. These requests for declaratory judgments allege that there is an ambiguity in the policy

2

as to whether the liability limits on the Cobalt can be stacked with the liabilitiy limits for the three other vehicles listed in the policy. Thus, the plaintiffs request that the circuit court declare the ambiguity to be resolved against Meridian and that the $100,000 per person and $300,000 per accident liability limit on each vehicle be stacked to provide coverage in the amount of $400,000 per person and $1.2 million per accident.

¶ 5    Exhibit D to the complaint is a certified copy of the Meridian policy at issue and effective at the time of the accident. The certification states the policy fairly and accurately represents the policy at issue "as it would have appeared on [the date of the accident]." The policy contains three pages of declarations, which, for sake of clarity, are contained in an appendix to this opinion. Each page of the declarations contains the same headings, with the insurance company name, policy number, policy period, named insured and address, and agent at the top. Below these headings, the first page of the declarations begins by listing the "VEHICLES COVERED": (1) 2002 Ford F-150, (2) 2006 Chevrolet Cobalt LT (the vehicle involved in the accident at issue), and (3) 2000 Ford Mustang. Under this listing of vehicles, the first declarations page states, "COVERAGE IS PROVIDED WHERE A PREMIUM IS SHOWN FOR THE COVERAGE." Immediately below this statement, coverages, limits of liability, and premiums are listed, in relevant part, as follows: [1]

| COVERAGE | LIMITS OF LIABILITY | PREMIUMS AUTO 1 2 3 |
|---|---|---|
| A LIABILITY-BODILY INJURY | $100,000 EACH PERSON/ $300,000 EACH ACCIDENT | 90.00 98.00 90.00 |
| A LIABILITY-PROPERTY | $100,000 | 56.00 61.00 57.00 |

[1]The formatting on our examples is not exact. Please refer to the copy of the policy's declarations pages included in this opinion's appendix for an exact replica.

| DAMAGE | EACH ACCIDENT | |
|---|---|---|
| B MEDICAL PAYMENTS | $10,000 EACH PERSON | 19.00 26.00 24.00 |
| C UNINSURED MOTORISTS/UNDERINSURED MOTORISTS BODILY INJURY | (SEE BELOW) | |

¶ 6    Below the above-stated information, the first page of the declarations lists, in similar fashion, the coverage, limits of liability, and premiums for comprehensive and collision damage, along with deductibles, transportation expenses, and towing for autos one, two, and three, with the "TOTAL BY AUTO" listed under the "PREMIUMS" column. Following this, the first page of the declarations contains a statement of discounts that have been applied to the policy.

¶ 7    The second page of the declarations contains the same headings as the first and the same format. Under the headings, it again lists "VEHICLES COVERED": (4) 2014 KIA Sportage. Under this, the second page again states "COVERAGE IS PROVIDED WHERE A PREMIUM IS SHOWN FOR THE COVERAGE." Immediately under this statement, coverages, limits of liability, and premiums are listed, in relevant part, as follows:

| COVERAGE | LIMITS OF LIABILITY | PREMIUMS AUTO 4 |
|---|---|---|
| A LIABILITY-BODILY  INJURY | $100,000 EACH PERSON/ $300,000 EACH ACCIDENT | 81.00 |
| A LIABILITY-PROPERTY  DAMAGE | $100,000 EACH ACCIDENT | 51.00 |
| B MEDICAL PAYMENTS | $10,000 EACH PERSON | 23.00 |
| C UNINSURED MOTORISTS/UNDERINSURED MOTORISTS  BODILY INJURY | (SEE BELOW) | |

¶ 8    As on the first page, below the above-stated information, the second page of the declarations lists, in similar fashion, the coverage, limits of liability, and premiums for

comprehensive and collision damage, along with deductibles, transportation expenses, and towing, for Auto 4, with the "TOTAL BY AUTO" listed under the "PREMIUMS" column. Under this information, the following is set forth:

"UNINSURED/UNDERINSURED MOTORISTS – TOTAL LIMIT FOR ALL VEHICLES COVERED UNDER THIS POLICY

BODILY INJURY     $100,000 EACH PERSON

$300,000 EACH ACCIDENT

PREMIUM: $88.00"

¶ 9     Directly below the box described above, the second page lists the "TOTAL TERM PREMIUM," which equals the sum of the amounts shown as "TOTAL BY AUTO," for the three vehicles listed on the first page of the declarations and the second page of the declarations, plus the premium shown for uninsured/underinsured coverage. Below this, the second page of the declarations sets forth, exactly as the first, the discounts that apply to the policy. Immediately thereafter, there is other information regarding the insured driver of the vehicles and a list of forms and the automobile to which they apply. On the third page of the declarations, there is a list of lienholders for each vehicle. The bottom right corner of pages one and two of the declarations states, "*****CONTINUED ON NEXT PAGE*******." The bottom right corner of page three of the declarations states, "*****************PAGE 3 (LAST PAGE)."

¶ 10     The policy contained in Exhibit D, as certified by Meridian, contains two other declaration pages, entitled "amendments to the declarations." The first of these amends the policy effective April 18, 2015, and deletes auto two, which was involved in the accident at issue. The second amends the policy effective June 23, 2015, and deletes auto three. Under a section of the policy entitled, "PART A - LIABILITY COVERAGE," there is a section entitled "LIMIT OF LIABILITY," which states as follows:

5

"A. The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services[,] or death, arising out of 'bodily injury' sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for 'bodily injury' resulting from any one auto accident.

***

This is the most we will pay regardless of the number of:

1. 'Insureds';

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident."

¶ 11    On May 25, 2017, Meridian filed its answer to the complaint and counterclaim for declaratory judgment. In its counterclaim, Meridian asked the court to declare that the policy is unambiguous and prohibits stacking of the limits for bodily injury liability, making the applicable limits for the accident $100,000 per person and $300,000 per accident. On June 22, 2017, Meridian filed a motion for a judgment on the pleadings pursuant to section 2-615(e) of the Code of Civil Procedure. 735 ILCS 5/2-615(e) (West 2016). On July 25, 2017, the plaintiffs filed a cross-motion for summary judgment as to the declaratory judgment counts of their complaint. On August 28, 2017, the circuit court held a hearing on the cross-motions.

¶ 12    On March 14, 2018, the circuit court entered a judgment order finding coverage limits to be stacked at $400,000 per person and $1.2 million per accident. On March 23, 2018, Meridian filed a motion for a finding, pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016),

6

that there is no just reason to delay an appeal from the judgment order, which the circuit court granted on April 5, 2018. Meridian filed a timely notice of appeal on April 6, 2018.

¶ 13                                    ANALYSIS

¶ 14    "In an appeal from the grant of a summary judgment, we conduct a *de novo* review." *Cherry v. Elephant Insurance Co.*, 2018 IL App (5th) 170072, ¶ 10 (citing *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 390 (1993)). "The construction of an insurance policy is a question of law and is an appropriate subject for disposition by way of a summary judgment." *Id.* "An insurance policy is a contract, and the general rules governing the interpretation of other types of contracts also govern the interpretation of insurance policies." *Id.* ¶ 11 (citing *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005)). "In general, antistacking clauses do not contravene public policy." *Id.* (citing *Grzeszczak v. Illinois Farmers Insurance Co.*, 168 Ill. 2d 216, 229 (1995)).

¶ 15    "Where the terms of a policy are clear and unambiguous, the language used will be given its plain meaning; however, if a provision is subject to more than one reasonable interpretation, it is ambiguous and should be construed against the insurer and in favor of the insured." *Id.* ¶ 12. "In determining whether an ambiguity exists, all of the provisions in an insurance contract should be read together." *Id.* ¶ 13 (citing *Glidden v. Farmers Automobile Insurance Ass'n*, 57 Ill. 2d 330, 336 (1974)). "Reasonableness is the key, and the touchstone is whether the provision is subject to more than one reasonable interpretation, not whether creative possibilities can be suggested." *Id.* (citing *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 193 (1993)).

¶ 16    Our supreme court has twice considered antistacking clauses identical to the one set forth in the policy at issue in light of the coverages listed on the policy's declarations page. First, in *Bruder*, "[t]he court held that there was no ambiguity when the antistacking clause was read in conjunction with the declarations page because the limit of the bodily injury for 'each person'

7

*** was set forth only once on the declarations page, despite listing two vehicles." *Id.* ¶ 15 (citing *Bruder*, 156 Ill. 2d at 193-94). However, in what has come to be called the "*Bruder dicta*," the court noted that multiple printings on a declarations page of policy limits for various covered automobilies could create an ambiguity. *Bruder*, 156 Ill. 2d at 192.

¶ 17 In *Hobbs*, the court read the same antistacking provision in conjunction with a declarations page that limited the premiums for two vehicles separately "but, importantly, list[ed] the relevant limit of liability only once." *Hobbs*, 214 Ill. 2d at 21. As this court set forth in *Cherry*, the *Hobbs* court, making reference to the "*Bruder dicta*," "noted that listing multiple numerical limits on the policy's declaration page does not *per se* result in aggregation, and variances in policy language 'frequently require case-by-case review.' " *Cherry*, 2018 IL App (5th) 170072, ¶ 17 (quoting *Hobbs*, 214 Ill. 2d at 26 n.1). "However, the court reiterated its statement in *Bruder* that 'where the antistacking clause limits liability to the limit shown on the declarations page, and the declarations page lists the limit of liabililty twice, it would not be difficult to find an ambiguity.' " *Id.* (quoting *Hobbs*, 214 Ill. 2d at 25, citing *Bruder*, 156 Ill. 2d at 192).

¶ 18 Since the supreme court's decision in *Hobbs*, this court has had several occasions to consider whether insurance policies containing similar to identical antistacking clauses were ambiguous when compared to the declarations page of such policies. See *Profitt v. OneBeacon Insurance*, 363 Ill. App. 3d 959 (2006); *Johnson v. Davis*, 377 Ill. App. 3d 602 (2007); *Cherry*, 2018 IL App (5th) 170072.[2] In *Profitt*, this court considered whether an insurance company's

---

[2]Because of antistacking clauses that are markedly different than those in the instant case, or construction of antistacking language between multiple policies, rather than within a single policy as in the instant case, we find little relevancy in the following cases that otherwise might appear relevant: *In re Estate of Striplin*, 347 Ill. App. 3d 700 (2004); *Hanson v. Lumley Trucking, LLC*, 403 Ill. App. 3d 445 (2010); *State Farm Mutual Automobile Insurance Co. v. McFadden*, 2012 IL App (2d) 120272; *Busch v. Country Financial Insurance Co.*, 2018 IL App (5th) 140621; *Barlow v. State Farm Mutual Automobile*

inclusion of two declarations pages in its certified copy of the policy, with the limits of liability listed once per page, created an ambiguity. *Profitt*, 363 Ill. App. 3d at 962. We found that it did not, as the first declarations page was issued with the policy, and the second page expressly provided that it was a change endorsement resulting from the substitution of vehicles. *Id.* at 963. *Profitt* was not a case where limits of liability were listed separately for each vehicle covered under the policy and thus did not fit within the ambit of the "*Bruder dicta*."

¶ 19    In *Johnson*, there was an antistacking clause virtually identical to the one in the instant case, and the relevant limits of liability were listed four times, once for each vehicle on the declarations pages of the policy, which encompassed the first three pages of the policy. *Johnson*, 377 Ill. App. 3d at 603. Based on the "*Bruder dicta*," we found an ambiguity, construed that ambiguity in favor of the insured, and stacked the coverages four times. *Id.* at 610. Most recently in *Cherry*, we construed another identical antistacking clause in favor of the insured, stacking the relevant coverage four times, where the declarations page listed the relevant coverage under four different vehicles. *Cherry*, 2018 IL App (5th) 170072, ¶ 20.

¶ 20    In the instant case, we are again asked to construe an identical antistacking provision, which limits liability to that shown on the declarations pages. The relevant limits of liability, which are for bodily injury at $100,000 per person and $300,000 per accident, are listed twice on the three pages of declarations. They are listed once on page one, under a listing of the first three vehicles covered by the policy, including the vehicle involved in the accident at issue. They are listed again on page two, under the fourth vehicle covered by the policy. While Meridian argues that such formatting is necessitated by the number of covered vehicles on the policy, which requires the fourth vehicle to be listed on a second declarations page, we are not persuaded,

*Insurance Co.*, 2018 IL App (5th) 170484. In addition, we do not discuss our decision in *Progressive Premier Insurance Co. of Illinois v. Kocher*, 402 Ill. App. 3d 756 (2010), as that case involved stacking of coverage for two vehicles that were both involved in the same accident.

based on our prior precedent set forth above, that this explanation serves to solve the ambiguity recognized in the "*Bruder dicta*." This is especially true when comparing the listing for uninsured and underinsured limits on the declarations pages with the listing for the liability limits. In the case of the uninsured and underinsured limits, the listing under the first three covered vehicles directs the reader to "SEE BELOW," and the listing on page two, after all covered vehicles are listed, specifically indicates that $100,000 per person and $300,000 per accident is the "TOTAL LIMIT FOR ALL VEHICLES COVERED UNDER THIS POLICY." For these reasons, we find that, because the relevant bodily injury liability limits of $100,000 per person and $300,000 per accident are listed twice on the declarations pages, and the antistacking clause refers the reader to the declarations for the applicable liability limits, such limits are to be stacked twice, for total limits of $200,000 per person and $600,000 per accident.

¶ 21　Despite the foregoing, the circuit court entered a declaratory judgment finding the bodily injury liability limits of $100,000 per person and $300,000 per accident are to be stacked four times, for total limits of $400,000 per person and $1.2 million per accident. The circuit court's order includes no reasoning behind its finding. However, in their submissions to the circuit court and on appeal, as well as in oral argument before the circuit court, the plaintiffs pointed to the two other declaration pages included with the certified copy of the policy, entitled "amendments to the declarations." The first amends the policy effective April 18, 2015, and deletes auto two, which was involved in the accident at issue. The second amends the policy effective June 23, 2015, and deletes auto three. The plaintiffs cite this court's decision in *American Service Insurance v. Miller*, 2014 IL App (5th) 130582, as authority for the proposition that these declarations pages should be considered as part of the policy on the date of the accident because they were certified as such. We reject this proposition. Our decision in *Miller* was completely unrelated to the issue of stacking and wholly inapposite to the case at bar. While a part of the

10

policy certified by Meridian to be in effect on the date of accident, these declarations are clearly postaccident amendments to the policy. On the contrary, we find this scenario more analogous to our decision in *Profitt*, where we found no ambiguity where extra declarations pages in the certified copy of the policy were clearly inapplicable. *Profitt*, 363 Ill. App. 3d at 963. There is nothing in our decision in *Miller* to warrant additional stacking of bodily injury limits based on amendments to the declarations that were clearly made postaccident. For these reasons, we modify the circuit court's order that declared that the plaintiffs are entitled to total coverage of $400,000 per person and $1.2 million per accident. The modified judgment declares that the plaintiffs are entitled to a total coverage of $200,000 per person and $600,000 per accident.

¶ 22                           CONCLUSION

¶ 23     For the foregoing reasons, we modify the judgment, finding coverage in the amount of $200,000 per person and $600,000 per accident.


¶ 24     Affirmed as modified.

MOBDEC08  AIL 0042307 02 20150301  WFS KELL APV*R      12 LINZ0055397 062832

## STATE AUTO® Insurance Companies

RENEWAL DECLARATIONS
PERSONAL AUTO POLICY

THIS POLICY CONSISTS OF THE DECLARATIONS PAGE, POLICY FORMS, ENDORSE-MENTS AND YOUR REPRESENTATIONS ON THE APPLICATION THAT ARE HEREBY INCORPORATED INTO THE POLICY. UPON VALID PAYMENT OF THE PREMIUM WHEN DUE, THIS POLICY WILL REMAIN IN FORCE FOR THE PERIOD INDICATED.

| POLICY NUMBER | POLICY PERIOD FROM | TO | COVERAGE IS PROVIDED IN THE FOLLOWING COMPANY | AGENCY | PROD |
|---|---|---|---|---|---|
| AIL 0042307 | 03/30/15 | 09/30/15 | MERIDIAN SECURITY INS COMPANY | 55397 | 00 |

NAMED INSURED AND ADDRESS

DAWN KELLER

AGENT

LINZEE INS & R/E AGENCY
PO BOX 350
DU QUOIN IL  62832

TELEPHONE 618/542-2251

VEHICLES COVERED

| # | ST | TER | YR | MAKE-DESCRIPTION | SER NUMBER | CMP SYM | COL SYM | LIAB SYM | MP/PIP SYM | CLASS | ST | AM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | IL | 54G | 02 | FORD F-150 SUPE | 1FTRW08L22KC33891 | 15 | 15 | 310 | 485 | 84G150 | | |
| 02 | IL | 54G | 06 | CHEVR COBALT LT | 1G1AL15F567671719 | 18 | 18 | 320 | 515 | 84G150 | | |
| 03 | IL | 54G | 00 | FORD MUSTANG | 1FAFP4040YF145781 | 18 | 18 | 305 | 505 | 84G150 | | |

COVERAGE IS PROVIDED WHERE A PREMIUM IS SHOWN FOR THE COVERAGE

| COVERAGE | LIMITS OF LIABILITY | | PREMIUMS | |
|---|---|---|---|---|
| | | AUTO 1 | 2 | 3 |
| A LIABILITY-BODILY INJURY | $ 100,000 EACH PERSON/ $ 300,000 EACH ACCIDENT | 90.00 | 98.00 | 90.00 |
| A LIABILITY-PROPERTY DAMAGE | $ 100,000 EACH ACCIDENT | 56.00 | 61.00 | 57.00 |
| B MEDICAL PAYMENTS | $ 10,000 EACH PERSON | 19.00 | 26.00 | 24.00 |
| C UNINSURED MOTORISTS/UNDERINSURED MOTORISTS BODILY INJURY | (SEE BELOW) | | | |
| D DAMAGE TO YOUR AUTO- ACTUAL CASH VALUE LESS DEDUCTIBLE OTHER THAN COLLISION | $ 100 DEDUCTIBLE | 141.00 | 213.00 | |
| D DAMAGE TO YOUR AUTO- ACTUAL CASH VALUE LESS DEDUCTIBLE OTHER THAN COLLISION | $ 500 DEDUCTIBLE | | | 99.00 |
| COLLISION | $ 500 DEDUCTIBLE | 86.00 | 136.00 | 85.00 |
| TRANSPORTATION EXPENSES | $20 PER DAY/$600 MAXIMUM | INCL | INCL | INCL |
| TOWING AND LABOR | $100 PER DISABLEMENT | 9.00 | 9.00 | 9.00 |
| | TOTAL BY AUTO | 401.00 | 543.00 | 364.00 |

*** YOUR STATE AUTO COMPANIES AUTO POLICY HAS BEEN DISCOUNTED AS SHOWN BELOW:

*** GOLD PLUS DRIVER DISCOUNT OF 10% APPLIES TO DRIVER # 1***
PASSIVE RESTRAINT DISCOUNT HAS BEEN APPLIED TO AUTO 1,2,3
MULTI-CAR DISCOUNT APPLIED TO AUTO 1,2,3
ANTI-THEFT DISCOUNT APPLIED TO AUTO 1,2,3
SAFE DRIVING = INSURANCE SAVINGS FOR AUTOS 1,2,3
FINANCIAL STABILITY DISCOUNT APPLIES
ANTI-LOCK BRAKE DISCOUNT OF 5% APPLIED TO AUTO 1,2

*****CONTINUED ON NEXT PAGE*******PAGE  C 114

Issue Date   03/01/2015  06:15:16 PM

# STATE AUTO®
Insurance Companies

RENEWAL DECLARATIONS
PERSONAL AUTO POLICY

THIS POLICY CONSISTS OF THE DECLARATIONS PAGE, POLICY FORMS, ENDORSE-
MENTS AND YOUR REPRESENTATIONS ON THE APPLICATION THAT ARE HEREBY
INCORPORATED INTO THE POLICY. UPON VALID PAYMENT OF THE PREMIUM
WHEN DUE, THIS POLICY WILL REMAIN IN FORCE FOR THE PERIOD INDICATED.

| POLICY NUMBER | POLICY PERIOD | | COVERAGE IS PROVIDED IN THE FOLLOWING COMPANY | AGENCY | PROD |
| | FROM | TO | | | |
| AIL 0042307 | 03/30/15 | 09/30/15 | MERIDIAN SECURITY INS COMPANY | 55397 | 00 |

| NAMED INSURED AND ADDRESS | AGENT |
| DAWN KELLER | LINZEE INS & R/E AGENCY |
| | PO BOX 350 |
| | DU QUOIN IL   62832 |
| | |
| | TELEPHONE 618/542-2251 |

VEHICLES COVERED

| # | ST | TER | YR | MAKE-DESCRIPTION | SER NUMBER | CMP SYM | COL SYM | LIAB SYM | MP/PIP SYM | CLASS | ST | AM |
| 04 | IL | 54G | 14 | KIA SPORTAGE L | KNDPB3ACXE7620825 | 17 | 15 | 999 | 999 | 84G150 | | |

COVERAGE IS PROVIDED WHERE A PREMIUM IS SHOWN FOR THE COVERAGE

| COVERAGE | LIMITS OF LIABILITY | PREMIUMS AUTO  4 |
| A LIABILITY-BODILY INJURY | $ 100,000 EACH PERSON/ $ 300,000 EACH ACCIDENT | 81.00 |
| A LIABILITY-PROPERTY DAMAGE | $ 100,000 EACH ACCIDENT | 51.00 |
| B MEDICAL PAYMENTS | $ 10,000 EACH PERSON | 23.00 |
| C UNINSURED MOTORISTS/UNDERINSURED MOTORISTS BODILY INJURY | (SEE BELOW) | |
| D DAMAGE TO YOUR AUTO- ACTUAL CASH VALUE LESS DEDUCTIBLE OTHER THAN COLLISION | $ 100 DEDUCTIBLE | 181.00 |
| COLLISION | $ 500 DEDUCTIBLE | 170.00 |
| TRANSPORTATION EXPENSES | $20 PER DAY/$600 MAXIMUM | INCL |
| TOWING AND LABOR | $100 PER DISABLEMENT | 9.00 |
| | TOTAL BY AUTO | 515.00 |

==========================================================================

UNINSURED/UNDERINSURED MOTORISTS - TOTAL LIMIT FOR ALL VEHICLES COVERED UNDER THIS POLICY

| BODILY INJURY | $ 100,000 EACH PERSON $ 300,000 EACH ACCIDENT | |
| | PREMIUM: | $88.00 |

==========================================================================

TOTAL TERM PREMIUM   $1,911.00

\*\*\* YOUR STATE AUTO COMPANIES AUTO POLICY HAS BEEN DISCOUNTED AS SHOWN BELOW:

\*\*\* GOLD PLUS DRIVER DISCOUNT OF 10% APPLIES TO DRIVER # 1\*\*\*
PASSIVE RESTRAINT DISCOUNT HAS BEEN APPLIED TO AUTO 4
MULTI-CAR DISCOUNT APPLIED TO AUTO 4
ANTI-THEFT DISCOUNT APPLIED TO AUTO 4
SAFE DRIVING = INSURANCE SAVINGS FOR AUTOS 4
FINANCIAL STABILITY DISCOUNT APPLIES
ANTI-LOCK BRAKE DISCOUNT OF 5% APPLIED TO AUTO 4

| DRV. ID | DRIVER NAME | VEH. ASSIGNED PRINC. OCC. | GENDER | MARITAL STATUS |
| 01 | DAWN KELLER | 1 2 3      4 | F | S |

| FORM # | DATE | AUTO | FORM # | DATE | AUTO | FORM # | DATE | AUTO | FORM # | DATE | AUTO |
| PP0001 | 01/05 | ALL | PP001A | 01/13 | ALL | PP0001B | 01/07 | ALL | AU154IL | 01/07 | ALL |
| AU101 | 01/09 | ALL | AU651IL | 08/98 | ALL | AU706 | 01/11 | ALL | PP1301 | 12/99 | ALL |
| AU0174 | 01/15* | ALL | PPAU23 | 12/14* | ALL | PP0301 | 08/86 | ALL | AU1017 | 10/06 | ALL |
| AU122IL | 12/14* | ALL | PP2316 | 10/13* | ALL | PP0447 | 01/15* | 001 | PP0303 | 04/86 | 001 |
| PP0305 | 08/86 | 001 | PP0447 | 01/15* | 002 | PP0303 | 04/86 | 002 | PP0305 | 08/86 | 002 |

\*\*\*\*\*CONTINUED ON NEXT PAGE\*\*\*\*\*\*\*PAGE ""2"

C 115

Issue Date   03/01/2015  08:16:18 PM

MOBDEC08  AIL 0042307  02 20150301  WFS KELL APV *R     12 LINZ0055397 052832


# STATE AUTO®
### Insurance Companies

RENEWAL DECLARATIONS
PERSONAL AUTO POLICY

THIS POLICY CONSISTS OF THE DECLARATIONS PAGE, POLICY FORMS, ENDORSE-
MENTS AND YOUR REPRESENTATIONS ON THE APPLICATION THAT ARE HEREBY
INCORPORATED INTO THE POLICY. UPON VALID PAYMENT OF THE PREMIUM
WHEN DUE, THIS POLICY WILL REMAIN IN FORCE FOR THE PERIOD INDICATED.

| POLICY NUMBER | POLICY PERIOD FROM | TO | COVERAGE IS PROVIDED IN THE FOLLOWING COMPANY | AGENCY | PROD |
|---|---|---|---|---|---|
| AIL 0042307 | 03/30/15 | 09/30/15 | MERIDIAN SECURITY INS COMPANY | 55397 | 00 |

**NAMED INSURED AND ADDRESS**

DAWN KELLER

**AGENT**

LINZEE INS & R/E AGENCY
PO BOX 350
DU QUOIN IL  62832

TELEPHONE 618/542-2251

PP0447  01/15* 003   PP0303  04/86  003   PP0305  08/86  003   PP0447  01/15* 004
PP0303  04/86  004   PP0305  08/86  004

LOSS PAYEE FOR AUTO #001
SCOTT CREDIT UNION
PO BOX 690590
SAN ANTONIO, TX                        78269

LOSS PAYEE FOR AUTO #002
SCOTT CREDIT UNION
PO BOX 690590
SAN ANTONIO, TX                        78269

LOSS PAYEE FOR AUTO #003
SPRINGLEAF FINANCIAL
PO BOX 3893
EVANSVILLE, IN                          47737

LOSS PAYEE FOR AUTO #004
LN# 384475530
BANK OF THE WEST
PO BOX 513
AMELIA, OH                             45102

THE PREMIUM FOR YOUR POLICY IS BASED ON THE RESIDENTS IN YOUR HOUSEHOLD DECLARED
ON THE ORIGINAL APPLICATION OR OTHERWISE REPORTED TO YOUR AGENT. PLEASE KEEP
YOUR AGENT INFORMED OF ANY ADDITIONAL DRIVERS IN YOUR HOUSEHOLD.

POLICY PERIOD 12:01 AM STANDARD TIME

03/01/15
DATE

C 116

*****************PAGE  3 (LAST PAGE)

Issue Date   03/01/2015  06:15:15 PM

14

2019 IL App (5th) 180220
NO. 5-18-0220
IN THE
APPELLATE COURT OF ILLINOIS
FIFTH DISTRICT

_____

| | | |
|---|---|---|
| LORETTA HESS, as Guardian of the Estate of Meadow Hess, a Minor Child; CHAD HESS, Individually and as Independent Administrator of the Estate of Sierra Hess, Deceased; and PAULINE KISELEWSKI, as Independent Administrator of the Estate of Richard Kiselewski, Deceased, | ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Franklin County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 16-L-25 |
| THE ESTATE OF TJAY KLAMM and STATE AUTO INSURANCE COMPANIES, d/b/a Meridian Security Insurance Company, | ) ) ) ) ) | |
| Defendants | ) ) | |
| (State Auto Insurance Companies, d/b/a Meridian Security Insurance Company, Defendant-Appellant). | ) ) ) | Honorable Eric J. Dirnbeck, Judge, presiding. |

_____

**Opinion Filed:**    February 11, 2019

_____

**Justices:**    Honorable James R. Moore, J.

Honorable Thomas M. Welch, J., and
Honorable Melissa A. Chapman, J.,
Concur

_____

**Attorneys for Appellant**    Robert Marc Chemers, Jonathan L. Federman, Pretzel & Stouffer, Chartered, One South Wacker Drive, Suite 2500, Chicago, IL 60606

_____

**Attorney for Appellees**    Paul J. Schafer, Winters, Brewster, Crosby & Schafer, 111 West Main Street, P.O. Box 700, Marion, IL 62959

_____